## TOWN OF SOUTHINGTON
vs.
## CITY OF MERIDEN

Court of Common Pleas    Hartford County    File #35478

Present: Hon. ABRAHAM S. BORDON, Judge.

Joseph H. Thalberg,              Attorney for the Plaintiff.

Denis T. O'Brien, Jr.,           Attorney for the Defendant.

MEMORANDUM FILED MAY 1, 1936.

BORDON, J. The Court is called upon to determine, first, whether Harwood had a legal settlement in the Town of Meriden, and second, whether the plaintiff has complied with **Section 1704, General Statutes, 1930,** requiring it to render semi-annual statements of expenses incurred.

The second point seems to be the less troublesome one, so we will consider it first. The plaintiff admits receiving the notice dated February 20, 1935, but denies that it received any of the subsequent notices. Miss Glasnapp, who testified for the plaintiff, stated very definitely that the statements were sent regularly, and she explains satisfactorily, the absence of the usual carbon copies. There seems to be no good reason for questioning her truthfulness. It is, therefore, found that the plaintiff complied with the requirements of **Section 1704.**

The important question that remains then, is whether Harwood had a legal settlement in Meriden.

**Section 1686, General Statutes, 1930,** provides as follows:

"No inhabitant of any town in this state shall gain a legal settlement in any other town, unless he shall have been admitted in the manner prescribed in **Section 1684;** or unless he shall have resided, subject to the provisions of this Chapter, four years continuously in such town, and shall have maintained himself and his family during the whole of said period without becoming chargeable to such town."

The task then is to determine in which town Harwood has a legal settlement.

The facts are as follows:— Harwood came to Milldale in the Town of Southington January 30, 1911, and remained there until June 25, 1918. On that date he moved to Meriden and lived there until July 1, 1922, on which date he moved to South Lyme, where he remained until September, 1925. He then moved back to Milldale where he lived until May, 1926, at which time he moved back to Meriden and lived there until September, 1931, then moving back to Milldale. He began receiving aid from Southington in March or April 1, 1933.

Having abandoned Southington in 1918, that town is relieved from the duty of supporting him on account of his first settlement in that town, unless he has, in the meantime, failed to establish a settlement elsewhere. He established no settlement in South Lyme because he did not live there for the required period. His second residence in Southington lasted less than a year, so there is no liability on that account. It must, therefore, be found that his settlement was in Meriden

by virtue of his residence there from June 25, 1918 to July 1, 1922, or May, 1926 to September, 1931. The evidence seems to indicate rather definitely that during his last stay in Meriden he received aid from the town. While there is no direct evidence as to the nature and amount of aid given him, he testified that he did receive aid, and, apparently, informed the Southington relief officials that he was on aid in Meriden in 1927 and 1929. That, it seems to the Court, disqualifies him from establishing a settlement in Meriden during his last residence there from May, 1926 to September, 1931. **Section 1686, General Statutes, 1930.**

We are left then with the period from June 25, 1918, to July 1, 1922. If he established a legal settlement in Meriden during that period, it is liable for his support, otherwise we must revert back to his settlement in Southington from January, 1911, to June 25, 1918.

Harwood testified that during his first residence in Meriden he paid personal and property taxes in that town, his last payment being in the summer of 1922 for taxes on the list of October 1, 1921. That during the winter of 1922 he found employment as a carpenter in South Lyme, and that while he was there working, his family remained in Meriden, he returning home periodically. That in the spring of 1922, he was allowed the use of a cottage at the shore, and frequently brought his whole family down, where they would remain for days or weeks at a time, and then return to their apartment in Meriden. That he was building a home for himself at South Lyme which was completed about July 1st, 1922, or shortly thereafter, at which time he brought his family down intending to reside there permanently with them. That the rent for his apartment in Meriden was paid until July 1st, 1922.

The school records of Meriden show that Harwood's children left school in March, 1922, to go to South Lyme. This is the only evidence in support of the claim that Harwood left Meriden in March rather than in July, 1922. The Court is of the opinion, however, that this is due to the frequent excursions of the Harwood family to the shore cottage during the spring of 1922 rather than to the actual removal of the family from Meriden. Mere visits, though of lengthy duration, do not defeat the legal settlement. The Court is, therefore, of the opinion that Harwood's last legal settlement was

in Meriden by virtue of his residence there from June 25, 1918 to July 1, 1922.

The issues are found for the plaintiff and it is ordered:

1. That judgment be entered for the plaintiff to recover the sum of $848.99, together with interest amounting to $16.96. or a total of $865.95.

2. That judgment be entered declaring that George Harwood, his wife and children, have settlements in the City of Meriden, and are chargeable thereto.